cedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

### Marko KOMANI, Arbor Komani, Andrijani Komani, Ljumturije Komani, Petitioners,

v.

### Alberto R. GONZALES,[1] Attorney General of the United States, Gary Cote, Hartford Officer in Charge, Bureau of Citizenship and Immigration Services, Respondent.

### Nos. 04–6339–ag(L), 04–6368–ag(CON).

United States Court of Appeals, Second Circuit.

June 30, 2006.

Mario DeMarco, Port Chester, NY, for Petitioners.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz, Laura Thomas Rivero, Kathleen M. Salyer, Assistant United States Attorneys, Miami, FL, for Respondent.

PRESENT: WILFRED FEINBERG, JOSÉ A. CABRANES, and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Marko Komani, through counsel, petitions for review of the BIA decision affirming the decision of Immigration Judge ("IJ") Matthew J. D'Angelo denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), in which his wife, Ljum-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

turije Komani, and his two children, Arbor Komani and Andrijani Komani, were named derivative beneficiaries. We assume the parties' familiarity with the underlying facts and procedural history.

We have jurisdiction to review the denial of relief in "asylum-only" proceedings, under 8 U.S.C. § 1252(a)(1). *See Kanacevic v. INS,* 448 F.3d 129 (2d Cir.2006). This Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004).

In both his brief to the BIA and this Court, Komani argues only that the IJ erred in finding that he did not prove past persecution or well-founded fear of persecution on account of his Albanian ethnicity.[2]

Whether or not the IJ could have more carefully parsed the petitioner's testimony and analyzed whether his perceived political opinion had been a basis for the alleged persecution, petitioner, who was represented by counsel throughout the administrative proceedings, advanced only the argument that the actions of the police had been aimed at his Albanian ethnicity. Substantial evidence supports the IJ's conclusion that petitioner failed to prove a nexus between his ethnicity and any alleged past persecution. Moreover, based on the then current 2002 country reports and petitioner's testimony responding to inquiries about those reports, we would not be compelled to reach a conclusion opposite that of the IJ regarding improved country conditions and Albanians' participation in its government. Thus, substantial evidence supports the IJ's determination that petitioner has not proven a well-founded fear of persecution on account of his ethnicity if he is returned to Montenegro.

Komani argues in his brief to this court that the IJ and BIA erred in not considering the evidence in support of his CAT claim. However, it is clear from the record that Komani waived his CAT claim before the IJ. *See* A 230. Accordingly, Komani's CAT claim is waived and the IJ and BIA did not err.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).

---

2. Indeed, repeatedly before the IJ, petitioner's counsel asserted that the reason petitioner was being persecuted because he was an ethnic Albanian. *See* A 202, 204, 206.